ROGERS, Circuit Judge,
concurring:
I write separately to make clear that the court rejects the government’s broadly stated position that under the Freedom of Information Act (“FOIA”), “a FOIA requester’s desire to obtain Brady [1] material is not a public interest for purposes of Exemption 7(C).” Appellee’s Br. 22. To the extent the government’s position suggests that when a requester seeks exculpatory evidence for purposes of a direct appeal or a collateral attack on his conviction disclosure of such information is categorically not in the public interest for purposes of FOIA Exemption 7(C), this misreads precedent. To the contrary, an individual’s “personal stake in the release of the requested information is ‘irrelevant’ to the balancing of public and third-party privacy interests required by Exemption 7(C),” Roth v. Dep’t of Justice, 642 F.3d 1161, 1177 (D.C.Cir.2011) (quoting Mays v. DEA, 234 F.3d 1324, 1327 (D.C.Cir.2000)), and “the public might well have a significant interest in knowing whether the federal government engaged in blatant Brady violations,” id. This court has not applied a per se rule and does not do so today. See, e.g., Boyd v. Crim. Div. of the U.S. Dep’t of Justice, 475 F.3d 381, 387-88 (D.C.Cir.2007); see also Martin v. Dep’t of Justice, 488 F.3d 446, 453, 456-58 (D.C.Cir.2007).
The court applies the standard in National Archives & Records Administration v. Favish, 541 U.S. 157, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004), whereby a FOIA requester, to overcome the government’s authority not to disclose pursuant to Exemption 7(C), must “produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.” id. at 174, 124 S.Ct. 1570. With no additional thumb on the scale, the court concludes that Blackwell does not meet this standard. Op. at 41. Because Blackwell has not as an evidentiary matter demonstrated that the government failed to comply with its duty of disclosure of exculpatory material at the time of his trial or appeal or that it is currently withholding evidence that demonstrates his innocence of the crimes of which he was convicted, his request fails under the Favish standard; no per se rule is applied.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).